UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KENNETH JACKSON

VERSUS

BANK OF AMERICA, N.A.

CIVIL ACTION

NO. 15-346-JJB-EWD

## RULING

This matter is before the Court on a Motion for Judgment on the Pleadings (Doc. 12) brought by the defendant, Bank of America, N.A. ("BoA"). The plaintiff, Kenneth Jackson, filed an opposition (Doc. 20-1) and the defendant filed a reply brief (Doc. 22). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the defendant's Motion for Judgment on the Pleadings (Doc. 12) is **DENIED** without prejudice to refiling. The plaintiff is granted leave to **AMEND** his complaint to properly allege a claim under the Fair Debt Collections Practices Act ("FDCPA").

**I.   BACKGROUND**

On May 3, 2013, BoA filed a petition for executory process against the plaintiff, in which BoA sought a writ of seizure and sale of the plaintiff's property located at 18312 Manchac Place Drive, Prairieville, Louisiana ("subject property"). BoA attached to the petition the original note, paragraphed with the mortgage, and a certified copy of the mortgage over the subject property. In the petition for executory process, BoA alleged that it is the holder of the note, and that the note was due for the February 2011 payment. The plaintiff alleges, however, that prior to filing the petition for executory process, BoA informed the plaintiff that it was transferring / assigning its interest in the mortgage to GreenTree, effective May 1, 2013.

On May 13, 2013, the court entered an order authorizing the use of executory process and ordering the issuance of a writ of seizure. The writ of seizure was issued on May 14, 2015, and a

1

notice of seizure of the property was recorded in the mortgage records for Ascension Parish on April 28, 2014. The subject property was sold to BoA at a sheriff's foreclosure sale on June 18, 2014, and this sale was recorded on August 14, 2014. The plaintiff did not filed a request for a preliminary injunction enjoining the writ of seizure and sale in the foreclosure action and did not file a suspensive appeal in the foreclosure action.

The plaintiff filed a petition for damages in Louisiana state court on April 10, 2015. BoA timely removed the suit to this Court. BoA brings the present motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

**II.   DISCUSSION**

BoA argues that, as the owner of the mortgage, it properly filed the petition for executory process. According to BoA, because the plaintiff failed to timely attack the foreclosure action under Louisiana law—either through a preliminary injunction or a suspensive appeal—he is now barred from doing some. Specifically, BoA argues that the plaintiff's claims should be dismissed for the following reasons: (1) the plaintiff's claims are barred by *res judicata* / waiver; (2) the plaintiff's claims are time-barred by La. R.S. 13:4112, because the sheriff's foreclosure deed was recorded before the filing of the plaintiff's petition; and (3) the plaintiff has not identified a statutory or contractual basis for an award of attorney's fees.

Based on the arguments made in BoA's motion, it appears that BoA is interpreting the plaintiff's complaint as attempting to invalidate the foreclosure proceeding. However, the plaintiff's opposition to BoA's motion explicitly states that "[t]he plaintiff has not filed an action to set aside the executory process sheriff sale." *Pl.'s Opp'n* 5, Doc. 20-1. Instead, the plaintiff's opposition argues that BoA's actions violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Despite this allegation, the plaintiff's complaint does not appear to assert

a claim under the FDCPA, but instead asserts that "[t]he defendant, [BoA], didn't have a legal right to file a Petition For Executory Process or foreclosure on [the plaintiff's property]. The defendant did not own or possess the mortgage of said property referenced. Therefore, this was a frivolous action and malicious prosecution on behalf of the defendant [BoA]." *Pet. for Damages* ¶ 11, Doc. 1-1.

BoA's motion itself was not responsive to any allegations under the FDCPA. Although BoA's reply brief argued for dismissal of these claims, such arguments should have been raised following proper notice in the plaintiff's complaint of the cause of action. Therefore, after reviewing the parties' briefs (Docs. 12-1, 20-1, & 22) in connection with BoA's motion, the Court believes that clarification on the plaintiff's causes of action are necessary for resolution of this motion.

**III.   CONCLUSION**

For the reasons stated above, the defendant's Motion for Judgment on the Pleadings (Doc. 12) is **DENIED** without prejudice to refiling. The plaintiff is granted leave to **AMEND** his complaint to properly allege a claim under the Fair Debt Collections Practices Act ("FDCPA").

Signed in Baton Rouge, Louisiana, on May 3, 2016.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**