UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH JACKSON                                                    CIVIL ACTION

VERSUS

BANK OF AMERICA, N.A.                                              15-00346-JJB-EWD

## RULING

Before the Court is a *Rule 12(b)(6) Motion to Dismiss* filed by Defendant Bank of America, N.A. ("BOA").[1] Plaintiff Kenneth Jackson has filed an *Opposition*[2] to which the BOA has filed a *Reply*.[3] The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. Oral argument is not necessary. For the following reasons, the BOA's *Motion* shall be granted.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Jackson, originally proceeding *pro se*, filed a state court *Petition* against the BOA asserting what appeared to be claims seeking to invalidate the state foreclosure proceedings. Subsequent to removal, the BOA filed a *Rule 12(c) Motion for Judgment on the Pleadings* seeking dismissal of Jackson's claims on the grounds of *res judicata* or waiver.[4] In opposing the BOA's motion, Jackson, now represented by counsel, argued that he had actually asserted a claim under the Fair Debt Collection Practices Act ("FDCPA"), and had "not filed an action to set aside the executory process sheriff sale."[5] Considering his argument, the Court found that Jackson should be given the opportunity

---

[1] Doc. 28.
[2] Doc. 32.
[3] Doc. 33.
[4] Doc. 12.
[5] Doc. 20, pp. 1-2, ¶3. Doc. 20-1, pp. 3-5.

to amend his *Complaint* for the sole reason of properly pleading an FDCPA claim, and dismissed BOA's motion without prejudice.

Subsequently, on July 16, 2016, Jackson filed an *Amended Complaint*[6] in which he asserted a claim for recovery under the FDCPA against the BOA, based upon its conduct of collecting the home mortgage loan. Aside from this allegation, Jackson has not asserted any new facts to support his FDCPA claim. Although the Court's *Ruling* specifically limited the amendment to asserting an FDCPA clam, Jackson has also newly alleged that he is entitled to recover damages from the BOA pursuant to La. Civ. Code articles 2315, 2316, and 2317, and on grounds of civil conversion. He also added a claim related to verification of the foreclosure suit by the BOA's attorney. In spite of these new claims, the facts of this case remain largely unchanged from those originally pled by Jackson in his *Petition*.[7] Because the Court is treating the BOA's Motion as a Rule 12(c) Judgment on the Pleadings, for the reasons discussed herein, the Court adopts and incorporates the facts set forth in its prior *Ruling*.[8]

The BOA now moves for dismissal of Jackson's claims in their entirety on Rule 12(b)(6) grounds.

## II.   LAW AND ANALYSIS

A. <u>Motion to Dismiss: Rule 12(b)(6) and Rule 12(c)</u>

Although the BOA styles its Motion as a Rule 12(b)(6), in a footnote the BOA states that it is "reassert[ing] and incorporat[ing] by reference the arguments in its Rule 12(c)

---

[6] Doc. 27. The *Amended Complaint* was actually captioned as "*Amended Petition*."
[7] In his Amended Complaint Jackson did remove the allegation in the last sentence of paragraph 11 of his Petition to the extent it stated that the foreclosure suit was a "frivolous action" and "malicious prosecution." Doc. 27, p. 1, ¶3.
[8] Doc. 25, pp. 1-2. ("Background").

Motion for Judgment on the Pleadings."[9]  The standard for evaluating a Rule 12(b)(6) motion and Rule 12(c) motion are the same.[10]  In both cases, "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[11]  While the court must accept the well-plead facts as true, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[12]  The difference between the two motions lies in what the Court may consider in determining whether a claim survives dismissal.  On a Rule 12(b)(6) motion, the Court may only consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[13]  However, on a Rule 12(c) motion, the Court may also consider other pleadings, including an answer to a complaint.[14]  In order for the Court to consider those arguments previously asserted by the BOA in its prior *Motion for Judgment on the Pleadings*, the Court will convert this *Rule 12(b)(6) Motion* into a *Rule 12(c) Motion for Judgment on the Pleadings*.

   B. FDCPA Claim

As previously discussed, the Court allowed Jackson to amend his *Complaint* for a narrow purpose—to allege an FDCPA claim.  Because the Court ultimately concludes that Jackson has failed to allege an FDCPA claim, the Court does not reach the issue of res judicata.

---

[9] Doc. 28-1, p. 1, n.1.
[10] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).
[11] *Id.* (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)).
[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[13] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)(quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[14] Fed.R. Civ. P. 7(a).  See also, *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. July 15, 2015)(quoting Fed.R.Civ.P. 7(a))("The 'pleadings' include the complaint, answer to the complaint, and 'if the court orders one, a reply to an answer.'").

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."[15] In order to state a claim under the FDCPA, Jackson must allege that "(1) he has been the object of collection activity arising from consumer debt, (2) the defendant is a 'debt collector' as defined by the Act, and (3) the defendant has engaged in an act or omission prohibited by the Act."[16] The BOA argues that Jackson has failed to allege any facts to state a viable FDCPA claim as to each of these elements. Of the arguments asserted by BOA, the Court finds merit in its position that the BOA is not a debt collector under the FDCPA.[17]

A "debt collector" is defined under the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[18] Excluded from the definition of "debt collector" is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person[.]"[19] "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not

---

[15] 15 U.S.C. § 1692(e).
[16] *Saragusa v. Countrywide*, 2016 WL 1059004, *5 (E.D.La. Mar. 17, 2016).
[17] For the first time in his *Opposition*, Jackson argues that the BOA is a debt collector because his loan was allegedly in default when the loan was acquired by the BOA. Notably, Jackson failed to make such an allegation in his *Amended Complaint*. The Court is not inclined to allow such argument to broaden the scope of his *Complaint*.
[18] 15 U.S.C. § 1692a(6)(F).
[19] 15 U.S.C. § 1692a(6)(F).

include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."[20]

Initially, the Court finds that Jackson has failed to allege that the BOA is a debt collector. In his *Amended Complaint*, Jackson alleges that he seeks damages for the conduct of the BOA for pursuing "collection on an account for months after it sold the plaintiff's home mortgage."[21] In his *Opposition*, Jackson argues that the BOA is a debt collector because his "loan was in default prior to the transfer from his original lender Countrywide to Bank of America back in 2009."[22] According to the Assignment of Mortgage attached to the original *Petition*,[23] and the Promissory Note attached to the BOA's Answer,[24] Countrywide Bank, FSB was the original lender and holder of the note. The Court also takes judicial notice of the fact that the BOA acquired Jackson's mortgage loan by merger with Countrywide Bank, FSB, and not by transfer or assignment while in default.[25] In light of these facts, the Court finds the Fifth Circuit decision of *Brown v. Morris*, which involved claims against ABN AMRO, a mortgage company, under the FDCPA to be instructive.[26]

---

[20] *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).
[21] Doc. 27, p. 3, ¶15.
[22] Doc. 4-1, pp. 11-24.
[23] Doc. 1-1, p. 22. "Original Lender: Mortgage Electronic Registration Systems, Inc. as Nominee for Countrywide Bank, FSB."
[24] Doc. 4-1, pp. 11-12. The Mortgage document reflects the same. Doc. 4-1, 13-24.
[25] The BOA directs the Court to the website of the Office of the Comptroller of the Currency ("OCC"). On April 23, 2009, the OCC issued its interpretation and precedent conditionally approving (1) the application of Countrywide Bank, FSB to convert to a national bank charter, Countrywide Bank, N.A., and (2) for Bank of America, N.A. to acquire by merger the Countrywide Bank, N.A. www.occ.gov/static/interpretations-and-precedents/may09/ca900.pdf. In note 4 of this same publication, the OCC noted how "[o]n July 1, 2008, Countrywide FSB, along with its various affiliates, was acquired by [Bank of America Corporation]." This Court has recognized its ability to take judicial notice of information on official government websites. *ExxonMobil Pipeline Co. v. Landry*, 2016 WL 320153, n.2 (M.D.La. Jan. 26, 2016); *see also, In re Katrina Canal Breaches Consol. Lit.*, 533 F.Supp.2d 615, 632 (E.D.La. 2008)(quoting *Hyder v. Quarterman*, 2007 WL 4300446, *3 (S.D. Tex. Oct. 10, 2007)("The Fifth Circuit has determined that courts may take judicial notice of governmental websites. *See Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005)").
[26] *Brown v. Morris*, 243 Fed.Appx. 31 (5th Cir. 2007).

In *Brown*, the appellant argued that the trial court erred in finding that because ABN AMRO had acquired her mortgage by merger, instead of assignment or transfer, the mortgage company was not an FDCPA debt collector under 15 U.S.C. § 1692a(6)(F)(iii). This statutory provision exempts from the definition of debt collector, any person conducting collection activities "concern[ing] a debt which was not in default at the time it was obtained by such person."[27] Brown challenged the applicability of the exemption because the mortgage company had obtained her mortgage while it was in default. In affirming the district court, the Fifth Circuit considered that the term "obtained" had been not been defined under the FDCPA, and looked to the act's legislative history noting how, "[t]he Senate Report accompanying the FDCPA explained that the purpose of the act was 'to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors.'"[28] The *Brown* Court also referred to its own judicial decisions wherein it had "implicitly interpreted 'obtained' to be synonymous with 'assigned.'"[29] Ultimately, the Fifth Circuit held that because ABN AMRO had not been specifically assigned Brown's mortgage for debt collection purposes, and had only acquired Brown's mortgage through a merger with Brown's prior mortgage company, ABN AMRO had not "obtain[ed]" Brown's mortgage while it was in default. As in *Brown*, the BOA acquired Jackson's mortgage loan by merger, rather than transfer or assignment while in default. Accordingly, the BOA does not qualify as a debt collector under the FDCPA, and Jackson's FDCPA claim shall be dismissed with prejudice.

---

[27] 15 U.S.C. § 1692a(6)(F)(iii).
[28] *Brown*, 243 Fed.Appx. at 34. (quoting *Peter v. GC Servs. L.P.*, 310 F.3d 344, 351-52 (5th Cir. 2002)(quoting S.Rep. No. 95-382 (1977), at 1-2, reprinted in 1977 U.S.C.C.A.N 1695, 1696)).
[29] *Id.*

### C. Jackson's Claim for Attorney's Fees

In his *Petition* and *Amended Complaint*, Jackson asserts a claim for the recovery of attorney's fees. However, as the BOA correctly argues, "[a]s a general rule, attorney fees are not due and owing a successful litigant unless specifically provided for by contract or statute."[30] Jackson has failed to allege such a statute or contract that would entitle him to recover attorney's fees in this case. Accordingly, Jackson's claim for attorney's fees shall be dismissed with prejudice.

### D. Jackson's Newly Added State law claims[31]

The BOA is correct in its argument that the Court limited Jackson to amend his Complaint to assert an FDCPA claim—only.[32] Therefore, Jackson exceeded the scope of the Court's *Ruling* by attempting to amend his *Complaint* so as to amend or assert new claims based upon the *Affidavit of Foreclosure Counsel* and arising under Louisiana tort law. On this ground alone, the newly added claims are not properly before the Court and shall be dismissed. And yet, even if the Court were to consider the claims, the Court finds that these claims would fail. First, Jackson's *Affidavit of Foreclosure Counsel* claim is not supported by Louisiana jurisprudence.[33] To the extent Jackson may be alleging conversion or state law tort claims, he has failed to offer any factual support that would plausibly support such claims.

---

[30] *Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc.*, 449 So.2d 1014, 1015 (La. 1984).
[31] The Court does not address any speculative unjust enrichment claim because Jackson did not include such a claim in his *Petition* or *Amended Complaint*. Even if such a claim had been added in his *Amended Complaint*, Jackson was only granted permission to assert a FDCPA claim.
[32] Doc. 25, p. 3 ("The plaintiff is granted leave to AMEND his complaint to properly allege a claim under the Fair Debt Collections Practices Act ("FDCPA").")
[33] *See, Mortgage Elec. Registration Systems, Inc. v. Daigle*, 08-1203 (La.App. 5 Cir. Mar. 24, 2009)10 So.3d 288 (court approved Petition for Executory Process with verification by outside counsel).

## III.   CONCLUSION

For the foregoing reasons, Bank of America, N.A.'s *Motion to Dismiss* is hereby granted,[34] and Kenneth Jackson's claims are hereby dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on March 27, 2017.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[34] Doc. 28.